08/02/06 WED 10:32 FAX 510-429-0111 LAFAYETTE Case 4:06-cv-05411-SBA Document 10-1 Filed 12/05/06 Page 1 of 19 ☒002

Jul-19-2006 04:25pm From-LAFAYETTE & KUMAGAI 415 357 4605 T-584 P.001 F-468
Case 4:06-cv-02069-SBA Document 9 Filed 04/17/2006 Page 1 of 20

1  A.E. "Bud" Bailey, Pro Hac Vice, OSB# 87157, WSB# 33917
   J. Dana Pinney, Pro Hac Vice, OSB # 75308, WSB # 33919, D.C. No. 473833
2  Members of Bailey Pinney PC
   1498 SE Tech Center Place, Suite 290
3  Vancouver, Washington 98683
   bbailey@wagelawyer.com
4  jdpinney@wagelawyer.com
   Telephone: (360) 567-2551, Fax: (360) 567-3331
5
6  Bonnie R. Mac Farlane, CA Bar No. 161526
   720 Howe Ave, Suite 113
   Sacramento, CA 95825
7  bmacfarlane@wagelawyer.com
   Telephone: (800) 230-5528, Fax: (800) 230-5866
8  Attorney for Plaintiffs Barry Smith and Michael Wiggins

9                IN THE UNITED STATES DISTRICT COURT
10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  Barry Smith and Michael Wiggins,              ) Case No. C 06 02069 SBA
12  individually, and on behalf of all others     )
    similarly situated,                           ) FIRST AMENDED COMPLAINT
13                                                )
                    Plaintiffs,                   ) CLASS ACTION
14                                                )
    v.                                            ) 1. STATUTORY WAGE VIOLATION
15                                                )    (LATE PAY PENALTY);
    Wal-Mart Stores, Inc., a Delaware             ) 2. STATUTORY WAGE VIOLATION
16  Corporation, and DOES One through             )    (FAILURE TO PAY OVERTIME);
    Twenty-Five, inclusive,                       ) 3. FAILURE TO PAY WAGES;
17                                                ) 4. BREACH OF CONTRACT;
                    Defendants.                   ) 5. FAILURE TO PROVIDE
18                                                )    ACCURATE ITEMIZED WAGE
                                                  )    STATEMENTS;
19                                                ) 6. CONVERSION OF WAGES;
                                                  ) 7. UNLAWFUL BUSINESS
20                                                )    PRACTICES PURSUANT TO
                                                  )    BUSINESS AND PROFESSIONS
21                                                )    CODE § 17200 et seq:
22                                                ) [28 U.S.C. § 1332 et seq.; Federal Rules of
                                                  ) Civil Procedure, Rule 23; California Labor
23                                                ) Code §§ 200, 201, 202, 203, 218, 218.5, 218.6,
                                                  ) 226, 227.3, 500, 510, 1194; California Civil
24                                                ) Code §§ 1550, 3336, 3337 and 3294(a);
                                                  ) California Industrial Wage Commission Wage
25                                                ) Order 7-2001; California Business and
                                                  ) Professions Code § 17200, et seq.]
26                                                )
27                                                ) DEMAND FOR JURY TRIAL
28

First Amended Complaint              1              CASE NO. C 06-02069 SBA

08/02/06 WED 10:53 FAX 310 478 5788  Peter M. Hart  Case 4:06-cv-05411-SBA  Document 10-1  Filed 12/05/06  Page 2 of 19  ☒003

Jul-19-2006 04:25pm  From-LAFAYETTE & KUMAGAI  415 357 4605  T-584 P.002 F-468
Case 4:06-cv-02069-SBA  Document 9  Filed 04/17/2006  Page 2 of 20

Plaintiffs, Barry Smith and Michael Wiggins, individually, and on behalf of all others similarly situated, bring this class action complaint against Defendant, Wal-Mart Stores, Inc., ("Wal-Mart") and allege the following upon information and belief, except as to those allegations concerning Plaintiffs, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1. Plaintiffs, Barry Smith and Michael Wiggins, bring this class action to recover wages, including overtime wages, "holiday pay", and "vacation pay"; penalty wages, liquidated damages, actual damages, and punitive damages, for all similarly situated former and current employees of Wal-Mart in the State of California.

2. Wal-Mart is a for-profit corporation that has grown to become the world's largest retailer. Wal-Mart employs approximately 1.3 million workers in the United States, including approximately 40,000 to 60,000 in the State of California.

3. Wal-Mart's notoriety for mistreating its workforce includes the activity for which Plaintiffs and those similarly situated complain.

4. Having long-since abandoned its stated philosophy of "Buy American" in favor of the easy profits available by oppressing a foreign workforce, Wal-Mart now fully embraces all manner of self-serving, anti-employee tactics. Such tactics include the aggressive undermining of U.S. manufacturing employees, by effectively forcing manufacturers to relocate to developing countries where employees are not guaranteed the same rights as American workers. However, Wal-Mart has not restricted its oppressive practices to the developing world.

5. Wal-Mart's American workers are afforded little more than a subsistence living, while being provided with few, if any, benefits. As a result, Wal-Mart employees are more likely to require government assistance; state and local government coffers are expended to subsidize the unrivaled success of Wal-Mart.

6. Wal-Mart's lack of respect for the rights of American workers has been demonstrated not only through its outsourcing of American jobs but also in company policies discouraging employment longevity, denying employees' lunch and meal periods, and failing to pay a decent living

08/02/06 WED [...] Case 4:06-cv-05411-SBA   Document 10-1   Filed 12/05/06   Page 3 of 19   ☒004

Jul-18-2006 04:25pm  From-LAFAYETTE & KUMAGAI         415 357 4605         T-584  P.003  F-468
Case 4:06-cv-02069-SBA   Document 9   Filed 04/17/2006   Page 3 of 20

1. wage. Wal-Mart's profit-through-any-means approach to employee relations stands in stark contrast to any system that values the protection of workers' rights.

7. Wal-Mart's greed has also led it to willfully violate California law regarding the payment of termination wages, as well as the payment of overtime, "holiday pay", and "vacation pay". Because it's profitable, Wal-Mart withholds the payment of employees' final wages and fails to pay overtime, "holiday pay", and "vacation pay" in violation of California law and in breach of contract. Wal-Mart also fails to provide accurate itemized wage statements in violation of California law.

8. These willful violations can be devastating to Wal-Mart employees, who depend on their meager paychecks to survive. Already living at or near the poverty line, terminated Wal-Mart employees suddenly find themselves unemployed. Even a minor delay of the payment of wages compounds the employee's financial woes. However these violations are an economic victory for Wal-Mart. Thus, this conduct continues unabated. Considering the sheer size of Wal-Mart and its high employee turnover rate, the withholding of wages creates a large profit for Wal-Mart, especially in a state as vast as California.

9. Wal-Mart's immoral and illegal profiteering at the expense of its employees and the taxpayers, who support the social services Wal-Mart employees are forced to rely upon, can not be tolerated. For this reason, Plaintiffs and those similarly situated bring this petition.

## PARTIES

10. At all material times, Plaintiffs and others similarly situated are current and former employees of the Defendant, in the State of California, and are subject to California wage and hour provisions of California law.

11. Defendant, at all material times herein, was doing business as "WAL-MART STORES, INC." in the State of California.

12. Plaintiff, Michael Wiggins, at all times relevant, resided in the County of Contra Costa and Plaintiff Wiggins currently resides in Contra Costa County, California. Plaintiff, Barry Smith, at all times relevant, resided in the County of Santa Clara and Plaintiff Smith currently resides in Santa Clara County, California. Both Plaintiffs are citizens of the State of California.

13. Defendant is a company organized and existing under the laws of the State of Delaware,

08/02/06 WED 10:53 FAX 310 478 5768   Peter M. Hart   Case 4:06-cv-05411-SBA   Document 10-1   Filed 12/05/06   Page 4 of 19   @005

Jul-19-2006 04:25pm  From-LAFAYETTE & KUMAGAI        415 357 4605         T-584  P.004/020  F-465
Case 4:06-cv-02069-SBA   Document 9    Filed 04/17/2006    Page 4 of 20

1  with its principal place of business in the State of Arkansas.

2      14. Plaintiffs allege that Defendants Wal-Mart and DOES 1 through 25 acted together in
3  committing the violations of the California Labor Code, Industrial Welfare Commission ("IWC") wage
4  orders, and other laws and regulations alleged herein.

5      15. Plaintiffs are informed and believe, and thereon allege, that at all relevant times herein
6  mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter
7  ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining
8  Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said
9  agency, partnership and/or employment, and with the express or implied knowledge, permission,
10 authority, approval, ratification and consent of the remaining Defendants and each Defendant was
11 responsible for the acts alleged herein, were "employers" as set forth by California law, and all
12 Defendants herein were also negligent and reckless in the selection, hiring, and supervision of each and
13 every other Defendant as an agent, representative, principal, servant, employee, partner, alter ego, joint
14 venture, successor-in-interest, assistant, and/or consultant.

## JURISDICTION AND VENUE

16     16. This is a class action under 28 U.S.C. § 1332(d)(2) to recover late pay penalties, unpaid
17 wages, including overtime, "holiday pay" and "vacation pay" for current and former employees of
18 Defendant in California, and statutory damages for Defendant's failure to provide accurate itemized
19 wage statements. Defendant owes unpaid wages of overtime, "holiday pay" and "vacation pay".
20 Defendant also made late payment of wages in violation of the California State Wage and Hour laws,
21 pursuant to the California Labor Code, IWC Wage Orders and all other applicable California state law.
22 The amount in controversy exceeds $5,000,000.00 exclusive of interest and costs. The class will
23 exceed 100 members. Wal-Mart reportedly has 40,000 to 60,000 employees in California with at least
24 a 44 percent turnover rate. Therefore, Plaintiffs are informed and thereon allege that the Wal-Mart
25 Late Pay Class would likely have 17,600 to 26,400 terminated employees per year, consecutively. If
26 each Late Pay class member is owed at least minimum wage of $6.75 per hour with an average of a 10
27 day wait period for the last paycheck, each employee would be owed $540.00 late pay penalties, which
28 totals to $9,540,000.00 to $14,256,000.00 late pay damages for the Late Pay Class per year.

First Amended Complaint      4      CASE NO. C 06 02069 SBA

08/02/06 WED 10:54 FAX 510 476 5795 Case 4:06-cv-05411-SBA Document 10-1 Filed 12/05/06 Page 5 of 19 Ⓩ006

Jul-19-2006 04:26pm From-LAFAYETTE & KUMAGAI 415 357 4605 T-584 P.006/020 F-468
Case 4:06-cv-02069-SBA Document 9 Filed 04/17/2006 Page 5 of 20

1  Additionally, amounts are sought under other claims for different classes. Further, Plaintiffs are
2  diverse from Wal-Mart.
3      17.   Under 28 U.S.C. § 1391 (a) venue is proper in this court because this Court has
4  personal jurisdiction over Defendant which (1) conducts business in the State of California, including
5  the county of Alameda, (2) hires and maintains employees in the State of California, including the
6  county of Alameda, and (3) avails itself of the protection of the laws of the State of California.
7                                **INTRADISTRICT JURISDICTION**
8      18.   Pursuant to Civil Local Rules 3-2, assignment to the Oakland Division of the U.S.
9  District Court for the Northern District of California is appropriate because Defendant has stores in the
10 county of Alameda, as well as in other locations throughout the State of California. Plaintiffs live and
11 worked for Wal-Mart in the Northern District of California. Plaintiffs respectfully request assignment
12 to the Oakland Division.
13                               **CLASS ACTION ALLEGATIONS**
14     19.   Plaintiffs bring this action as a class action to recover statutory damages and monies
15 due and owing for all similarly situated current and former employees of Defendant for Defendant's
16 failure to timely pay wages including overtime, "holiday pay" and "vacation pay", and for Defendant's
17 failure to provide accurate itemized wage statements.
18     20.   Plaintiffs prosecute this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the
19 Federal Rules of Civil Procedure on behalf of a classes consisting of similarly situated current and
20 former employees of Wal-Mart in California. Common questions of fact and law exist as to all class
21 members and predominate over any questions that affect only individual class members. The conduct
22 at issue in this case affected Plaintiffs and all purported class members. Based on information and
23 belief, the class members exceeds 100 persons; Plaintiffs estimate that Defendant employs 40,000 to
24 60,000 employees, and the number of employees will increase depending upon employee turnover.
25     21.   This is an action to recover monies for failure to timely pay wages. These wages were
26 due to employees of Defendant upon termination of their employment. Pursuant to California law,
27 Plaintiffs and all those similarly situated are entitled to the timely payment of final wages upon
28 termination of employment. Timely payment is dependent on the manner of termination.

08/02/06 WED 10:54 FAX 510 476 5735 Case 4:06-cv-05411-SBA Document 10-1 Peter M. Hart Filed 12/05/06 Page 6 of 19 ☒007

Jul-19-2006 04:28pm From-LAFAYETTE & KUMAGAI 415 357 4605 T-584 P.006/020 F-469
Case 4:06-cv-02069-SBA Document 5 Filed 04/17/2006 Page 6 of 20

22. This is also an action to recover monies for failure to overtime, "holiday pay" and "vacation pay".

23. When each Plaintiffs' employment ended they were owed wages which they did not receive, including overtime, "vacation pay" and "holiday pay".

24. When Plaintiffs, and other similarly situated employees, employments were terminated with Wal-Mart, Wal-Mart failed to make immediate payment of all wages when due as required by California law. When an employee is terminated, his/her wages are due upon termination. When an employee quits without notice, his/her wages are due within 72 hours, or when an employee quits with at least 72 hours notice, his/her wages are due on his/her last day of work.

25. Wal-Mart is required to provide accurate itemized wage statements per pay period to Plaintiffs and others similarly situated pursuant to California law, including but not limited to California Labor Code § 226. Wal-Mart failed to provide accurate itemized wage statements to Plaintiffs and others similarly situated. Because Wal-Mart failed to provide itemized statement of wages, Wal-Mart owes actual damages to Plaintiffs and others similarly situated.

26. Wal-Mart's actions in failing to pay all monies due and earned upon termination of employment pursuant to California law, was/is willful. Wal-Mart's refusal to pay overtime, "holiday pay", and "vacation pay" was/is willful.

27. Wal-Mart's decisions to delay payment of the final wages, and to fail to pay overtime, "holiday pay" and "vacation pay" to each Plaintiff and those similarly situated in pursuit of a large cumulative profit is characteristic of Wal-Mart's greed-driven approach to employee relations.

28. Because Wal-Mart failed to timely pay wages, failed to pay overtime, failed to provide accurate itemized wage statements, and failed to pay "holiday pay" and "vacation pay" to Plaintiffs and others similarly situated, it breached its contract with Plaintiffs and others similarly situated to timely pay wages. In so doing, Wal-Mart failed to pay wages it owed to Plaintiffs and others similarly situated. Plaintiffs and others similarly situated are owed wages and damages including but not limited to liquidated damages.

29. Because Wal-Mart failed to timely pay wages, failed to pay overtime, failed to provide accurate itemized wage statements, and failed to pay "holiday pay" and "vacation pay", Wal-Mart

committed the act of conversion over the property (unpaid wages) of Plaintiffs and others similarly situated. In refusing to pay wages to Plaintiffs, as alleged herein, Wal-Mart unlawfully and intentionally took and converted the property of the Plaintiffs to its own use. At the time the conversion took place, Plaintiffs was entitled to immediate possession of the amounts of wages payable. Wal-Mart's conversion was oppressive, malicious, and fraudulent. In so doing, Wal-Mart owes Plaintiffs and others similarly situated the value of the property (unpaid wages) at the time of the conversion, interest from that time, and fair compensation for the time and money properly expended in pursuit of the property (unpaid wages) pursuant to California law, including but not limited to California Civil Code §§3336 and 3337. Plaintiffs seek all wages, interest, and related sums wrongfully converted by Wal-Mart, and Plaintiffs seek exemplary damages pursuant to California law, including but not limited to California Civil Code § 3294.

30. Wal-Mart's actions, detailed herein, were part of a statewide and/or nationwide corporate plan and scheme which affected all employees who worked for Wal-Mart. As a direct and proximate result of Wal-Mart's illegal, company-wide plan, practice and scheme, the Plaintiffs and the class members (1) were not timely paid wages, (2) were not paid overtime, (3) were not paid "holiday pay" and "vacation pay", (4) were not provided accurate itemized wage statements, and (5) were victimized by Wal-Mart's violation of California wage and hour laws and Wal-Mart's breach of contract and practices and policies set forth herein.

31. **DEFINITION OF SUB-CLASSES** - Plaintiffs seek class certification to include, but not limited to, the following potential subclasses, pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure.

    A. **LATE PAYMENT CLASS** - For Plaintiffs and all similarly situated employees whose employment with the Defendant ended within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who did not receive all wages when due as required by California law.

    B. **OVERTIME CLASS** - For Plaintiffs, and all similarly situated former and current employees, who worked for Wal-Mart over 8 hours per day, and/or over

08/02/06 WED Case 4:06-cv-05411-SBA Document 10 Filed 12/05/06 Page 8 of 19 @009

Jul-19-2006 04:27pm From-LAFAYETTE & KUMAGAI 415 367 4605 T-584 P.008/020 F-488
Case 4:06-cv-02069-SBA Document 5 Filed 04/17/2006 Page 8 of 20

12 hours per day, and/or over 40 hours per week, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who did not receive overtime or "premium pay" as required by California law.

C. **FAILURE TO PAY WAGES CLASS** – For Plaintiffs, and all similarly situated former and current employees, who work/worked for Wal-Mart, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who were suffered and permitted to work for Wal-Mart and did not receive all of their wages as required by California law.

D. **BREACH OF CONTRACT CLASS** – For Plaintiffs, and all similarly situated former and current employees, who work/worked for Wal-Mart, within the applicable time period prior to the filing of this action up through and including the present date through adjudication, and who were promised, as a condition of employment, that Wal-Mart would pay wages including, overtime, "holiday pay and "vacation pay", and were promised that Wal-Mart would timely pay wages at termination to Plaintiffs and similarly situated class members, and whose wages were not paid at termination pursuant to California law and who were not paid overtime, "holiday pay" and "vacation pay" as required by contract and California law.

E. **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, for the Plaintiffs and all others similarly situated, who worked for Wal-Mart, and whose wage statements which were provided by Wal-Mart were inaccurate.

F. **CONVERSION CLASS** – Within three years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiffs, and all similarly situated former and current employees, who

work/worked for Wal-Mart, and whose wages including overtime, "holiday pay", "vacation pay", and "late pay" penalty wages were converted by Wal-Mart.

G. **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the filing of this action up through and including the present date through adjudication, for the Plaintiffs, and all similarly situated former and current employees, who have not received/ are not receiving all of their wages, who are owed monies for overtime, "holiday pay" and "vacation pay", who are owed actual damages for Wal-Mart's failure to provide accurate itemized wage statements, and who are receiving late wages at termination and are owed "late pay" penalty wages.

32. **NUMEROSITY** - Based on information and belief, the members of this class action complaint exceeds 100 persons. Wal-Mart employs approximately 40,000 to 60,000 employees. The number of employees will increase, depending upon the turnover rate for employees over the applicable statutory period prior to the filing of this complaint.

33. **QUESTIONS OF LAW AND FACT** - Common questions of fact and law exists as to all class and subclass members and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former and current Wal-Mart employees. Common questions include:

   A. Whether Plaintiffs and class members are subject to California State wage and hour statutes.

   B. Whether Wal-Mart failed to pay Plaintiffs and similarly situated class members all wages after termination of their employment when those wages were due.

   C. Whether Wal-Mart entered into a contract with Plaintiffs and similarly situated class members whereby Wal-Mart promised to timely pay wages, overtime, "holiday pay", and "vacation pay", and whereby Wal-Mart promised to provide accurate itemized wage statements to Plaintiffs and similarly situated class members at the termination of employment.

08/02/06 WED 16:56 FAX 0t5 054115SBA Document 10 Hart Filed 12/05/06 Page 10 of 19 @011

Jul-19-2006 04:28pm From-LAFAYETTE & KUMAGAI       415 357 4605       T-584  P.010/020  F-469
Case 4:06-cv-02069-SBA   Document 5   Filed 04/17/2006   Page 10 of 20

//// /// ///

D. Whether Wal-Mart converted property (unpaid wages including overtime, "holiday pay", "vacation pay", actual damages, and "late pay" penalty wages) of Plaintiffs and others similarly situated.

E. Whether Wal-Mart failed to provide accurate itemized wage statements.

F. Which remedies are available for Wal-Mart's violations of State wage and hour laws.

G. Which remedies are available for breach of contract.

H. Which remedies are available for failure to provide itemized wage statements.

I. Which remedies are available for conversion.

J. What are the statute of limitations for each claim for relief, and does tolling of the statute of limitations apply to Plaintiffs' claims for the time, if any, spent on pursuing a claim with the California Department of Industrial Relations, Division of Labor Standards and Enforcement.

34. **TYPICALITY** - The claims of the named Plaintiffs are typical of the claims of the class members:

A. Plaintiffs are a member of the class.

B. Plaintiffs' claims stem from the same practice or course of conduct that forms the basis of the class.

C. Plaintiffs' claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

D. There is no antagonism between the interests of the named Plaintiffs and absent class members.

E. The injuries which Plaintiffs suffered are similar to the injuries which class members have suffered.

35. **REPRESENTATION BY PLAINTIFF** - The named Plaintiffs will fairly and adequately represent the class members in that:

A. There is no conflict between their claim and those of other class and subclass

members.

B. Plaintiffs have retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

C. Plaintiffs' claims are typical of the claims of class members.

36. **CERTIFICATION** - of Plaintiffs' claims is appropriate because:

A. Common questions of law or fact predominate over questions affecting only individual members.

B. The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

C. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

## FACTS

37. Plaintiff, Michael Wiggins worked for Wal-Mart approximately from April 1, 2004 to October 7, 2005. Technically, Mr. Wiggins was suspended on October 7th, and then he was officially terminated on October 21st. Either way, Wal-Mart violated California law by not paying his final wages until November 11, 2004. Mr. Wiggins was an hourly employee.

38. During Plaintiff, Michael Wiggins' employment with Wal-Mart, Wal-Mart failed to pay overtime. Wal-Mart would "shave off" time from his time cards whereby Mr. Wiggins was not paid for all of the hours he worked. Also, When Mr. Wiggins worked a graveyard shift, Wal-Mart would count the hours worked before midnight as working one day, and all the hours worked after midnight as hours worked on another day, thereby denying Mr. Wiggins overtime pay.

39. Plaintiff, Barry Smith worked for Wal-Mart approximately from September 22, 2003 to December 17, 2004 as a manager and exempt employee. Yet, Wal-Mart failed to pay his final wages until January 2, 2005. Mr. Smith was a manager who was paid on a salary basis. As part of his employment contract with Wal-Mart, Wal-Mart promised to pay Mr. Smith "holiday pay" and "vacation pay" in addition to his salary. However, Wal-Mart did not pay Mr. Smith his "holiday pay".

First Amended Complaint 11 CASE NO. C 06 02069 SBA

Wal-Mart also failed to pay Mr. Smith accrued and vested "vacation pay".

## FIRST CLAIM FOR RELIEF

### (Late Payment of Wages: CAL. LAB. CODE § 203)

40. Plaintiffs incorporate the allegations contained in paragraphs 1-39 as though fully set forth herein.

41. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

42. Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay all wages to Plaintiffs, and other former employees, upon termination of their employment, when those wages when due, which entitles Plaintiffs, and other former employees to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to CAL. LAB. CODE §§ 201, 202, and 203.

43. Plaintiffs and similarly situated class members seek penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to CAL. LAB. CODE §§ 218.5 and 218.6.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime: CAL. LAB. CODE § 500, 510, 1194)

44. Plaintiffs incorporate the allegations contained in paragraphs 1-43 as though fully set forth herein.

45. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

46. Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay overtime wages to Plaintiffs, and others similarly situated. Wal-Mart allowed, suffered and permitted Plaintiff and others similarly situated to perform work in excess of the statutory maximum hours per day, and in excess of the maximum hours per week, for which they were not paid at premium rates of pay. As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to California law, including but not limited to CAL. LAB. CODE §§ 500, 510 and 1194, and Plaintiffs, and others similarly situated are entitled to 30 days of penalty wages for

08/02/06 WED 10:57 FAX 510 470 5700 Peter M. Hart Case 4:06-cv-05411-SBA Document 10-1 Filed 12/05/06 Page 13 of 19 ☒014

Jul-19-2006 04:30pm From-LAFAYETTE & KUMAGAI 415 357 4605 T-584 P.013/020 F-468
Case 4:06-cv-02069-SBA

each pay period when wages were not paid as required by California law, including but not limited to CAL. LAB. CODE §§ 201, 202, and 203.

47. Plaintiffs and others similarly situated seek overtime wages and penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to CAL. LAB. CODE § 203 and 1194.

### THIRD CLAIM FOR RELIEF

(Failure to pay wages: CAL. LAB. CODE § 218.)

48. Plaintiff incorporates the allegations contained in paragraphs 1- 47 as though fully set forth herein.

49. At all times material herein, Plaintiff and others similarly situated were employed by Defendants.

50. Within the applicable time period prior to the filing of this complaint, Defendant willfully failed to pay "holiday pay" and "vacation pay" wages to Plaintiffs, and other former employees. As a result, Plaintiffs and others similarly situated are entitled to unpaid "holiday pay" and "vacation pay" wages pursuant to California law, including but not limited to CAL. LAB. CODE §§ 218 and Plaintiffs, and others similarly situated are entitled to 30 days of penalty wages for each pay period when wages were not paid as required by California law, including but not limited to CAL. LAB. CODE §§ 201, 202, and 203.

51. Plaintiffs and others similarly situated seek "holiday pay" and "vacation pay" wages and penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to CAL. LAB. CODE §§ 218, 218.5 and 218.6.

### FOURTH CLAIM FOR RELIEF

(Breach of Contract)

52. Plaintiffs incorporate the allegations contained in paragraphs 1- 51 as though fully set forth herein.

53. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

08/02/06 WED 10:57 FAX 310 478 5769    Case 4:06-cv-05411-SBA   Document 10-1   Filed 12/05/06   Page 14 of 19   Peter M. Hart     ☒015

Jul-19-2006 04:31pm From-LAFAYETTE & KUMAGAI        416 357 4605         T-884 P.014/020 F-468

54. When Defendants hired Plaintiff and others similarly situated, Plaintiff agreed to work for Wal-Mart and Wal-Mart agreed to pay wages in a timely manner, agreed to provide itemized wage statements, and agreed to pay wages i.e. overtime "holiday pay" and "vacation pay" and otherwise comply with California wage and hour law. Plaintiff satisfactorily performed work for the Defendants. Defendants breached this agreement by failing to timely pay wages, failing to provide itemized wage statements, and failing to pay overtime, "holiday pay", and "vacation pay" pursuant to California law and pursuant to the terms of the parties contract.

55. Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Defendant breached its contract with Plaintiffs, and others similarly situated which entitles Plaintiffs, and other former employees to damages for Defendant's breach of contract as provided by applicable California law. Plaintiffs and others similarly situated seek unpaid wages including overtime, "holiday pay", "vacation pay", actual damages, contract damages, and penalty wages for the applicable time period prior to filing of this complaint, plus costs, interest, disbursements and attorneys fees pursuant to California law, including but not limited to CAL. LAB. CODE § 203, 218.5, 218.6, and 227.3.

### FIFTH CLAIM FOR RELIEF

(Failure to Provide Itemized Wage Statements; CAL. LAB. CODE § 226)

56. Plaintiffs incorporate the allegations contained in paragraphs 1-55 as though fully set forth herein.

57. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

58. Wal-Mart is required to comply with California wage and hour law. Wal-Mart is required to provide accurate itemized wage statements for each pay period to Plaintiffs and others similarly situated pursuant to California law, including but not limited to California Labor Code § 226.

59. Within the applicable time period prior to the filing of this complaint up through and including the present date through adjudication, Wal-Mart failed to provide accurate itemized wage statements to Plaintiffs and others similarly situated whereby Plaintiffs, and others similarly situated were harmed.

60. Plaintiffs seek payment of actual damages pursuant to California Labor Code § 226(e) for each employee who did not receive accurate itemized wage statements during their employments with Wal-Mart. Plaintiffs also seek the payment of costs, interest, and attorneys' fees pursuant to CAL. LAB. CODE §§ 218.5 and 218.6.

## SIXTH CLAIM FOR RELIEF

### (Conversion of Wages)

61. Plaintiffs incorporate the allegations contained in paragraphs 1- 60 as though fully set forth herein.

62. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

63. Within three years prior to the filing of this complaint up through and including the present date through adjudication, Wal-Mart failed to pay wages, including overtime, "vacation pay", and "holiday pay" during Plaintiffs and others similarly situated employments and at the termination of employment within the time periods required by California law; Wal-Mart also failed to provide accurate itemized wage statements. Wal-Mart owes monies to Plaintiff and others similarly situated for failing to pay wages, including overtime, "vacation pay", and "holiday pay" during and at termination of employment, and for failing to provide accurate itemized wage statements.

64. At the time Plaintiffs and others similarly situated left Wal-Mart's employ, wages and damages were due and owing. The unpaid wages, actual damages, and penalty wages became the property of Plaintiffs and others similarly situated, and Plaintiffs and the others similarly situated had a right to possess their property. By failing to pay earned wages, actual damages, and penalty wages to Plaintiffs and the others similarly situated, Defendant wrongfully obtained and held the monies belonging to Plaintiffs others similarly situated.

65. Plaintiffs did not consent to Defendant's conversion of their monies and Plaintiffs were harmed by Defendant's conversion of their monies. Defendant's conversion of their monies was a substantial factor in causing Plaintiffs' harm.

66. Under the alleged circumstances, it would be inequitable for Defendant to continue to retain the property of Plaintiffs and others similarly situated entitling both to the relief set forth below.

67. As a result, those wages, actual damages, and penalty wages remain due and unpaid, and Plaintiffs and others similarly situated are entitled to the value of the property at the time of the conversion, interest from that time, and fair compensation for the time and money properly expended in pursuit of the property pursuant to California Civil Code §§ 3336 and 3337, and Plaintiffs and others similarly situated are entitled to punitive damages pursuant to California Civil Code § 3294, as well as all damages allowed under California Labor Code § 203.

### SEVENTH CLAIM FOR RELIEF

(Unfair Competition: Cal. Bus. & Prof. Code § 17200 et seq.)

68. Plaintiffs incorporate the allegations contained in paragraphs 1-67 as though fully set forth herein.

69. At all times material herein, Plaintiffs and others similarly situated were employed by Defendant.

70. Within four years prior to the filing of this complaint up through and including the present date through adjudication, Wal-Mart failed to comply with the Wage and Hour provisions of the State of California, as set forth herein.

71. Wal-Mart's actions, including, but not limited to, its violations of California Law and California Labor Code, as set forth above, constitute a continuing and ongoing unfair and unlawful activity prohibited by California Business and Professions Code § 17200, et seq., and justify restitution and/or injunctive relief. The unlawful business practices of Wal-Mart are likely to continue, mislead the public (that employees are being timely paid in accordance to the California Labor Code and are being paid "holiday pay" and "vacation pay"), and shall present a continuing threat to the public, and unfair business practice of avoiding compliance with conditions of labor and wage obligations and expense. These violations constitute a threat and unfair business policy. The Plaintiffs have suffered injury in fact and has lost money or property as a result of such unfair competition. The Court is authorized to order restitution and/or an injunction as a remedy for any violations of Cal. Bus. & Prof. Code § 17200, et seq. Wal-Mart violated California Labor Code statutes and failed to pay all wages due to Plaintiffs and those similarly situated.

72. Wal-Mart has engaged in unfair business practices in California by utilizing the illegal

First Amended Complaint     16     CASE NO. C 06 02069 SBA

employment practices outlined above, including, but not limited to, failing to compensate employees for sums due for labor, fees, statutory damages, and penalties according to California Law. Wal-Mart's employment of such practices constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Wal-Mart's competitors. Plaintiffs seek full restitution of said monies from Wal-Mart, as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by Wal-Mart by means of the unfair practices complained of herein.

73. Wal-Mart has engaged unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq., including those set forth in the paragraphs above, thereby depriving Plaintiffs and the public of the minimum working conditions and standards due them under California Labor Laws and IWC Wage Orders.

**Private Attorneys General Act of 2004:** Pursuant to the Private Attorneys General Act of 2004, California Labor Code §§ 2698 et seq., Plaintiffs have given notice to Wal-mart and to California Labor and Workforce Development Agency of Defendants' violations of California Labor Code including but not limited to California Labor Code §§: 201, 202, 203, 218, 226, 227.3, 500, 510, and 1194. After the notice period provided in California Labor Code §2699.3, Plaintiffs intend to amend their complaint to include civil penalties provided in California law, including but not limited to California Labor Code §§ 210, 226.3, 558 and 2699 et seq.

## PRAYER FOR RELIEF

WHEREFORE; PLAINTIFFS demand judgment against Wal-mart as follows:

1. For all wages, including overtime, "holiday pay", and "vacation pay", and other related sums converted by Wal-mart;
2. For any and all profits, whether direct or indirect, Wal-mart acquired by reason of its conversion, and for all remedies provided in California Civil Code §§3336 and 3337.
3. Pursuant to California Business and Professions Code § 17203, that Wal-Mart be preliminarily and permanently enjoined from failing to pay Plaintiffs, those similarly situated, and all current and former employees all wages due upon termination of employment within the time proscribed by law;
4. Pursuant to California Business and Professions Code §17203 and the equitable powers

First Amended Complaint 17 CASE NO. C 06 02069 SBA

of this Court, that WAL-MART be ordered to restore to Plaintiffs all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Business and Professions Code §17200 et seq.;

5. For restitutionary disgorgement of wages and related sums, penalty wages, attorneys' fees and all other remedies available pursuant to California Business & Professions Code § 17200, et seq.;

6. For statutory wages and actual damages pursuant to California Labor Code sections, including but not limited to 203 and 226;

7. For punitive and exemplary damages pursuant to California Civil Code § 3294.

8. For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorney fees pursuant to California Labor Code §§ 218.5, 218.6, and 1194.

9. For such further or alternative relief in favor of Plaintiffs and all others similarly situated as the Court deems appropriate.

**WHEREFORE**; Plaintiffs individually and on behalf of all others similarly situated request the Court: award such damages as set forth above; award Plaintiffs attorney fees, costs and expenses of suit; order Defendant to pay pre-judgment and post-judgment interest on all amounts due to Plaintiffs as a result of this action; and order such further or alternative relief in favor of Plaintiffs and all class members as the Court deems appropriate.

Dated: April 17, 2006                    Bailey Pinney PC


By /s/_____
Bonnie Mac Farlane
Attorney for Plaintiffs
Barry Smith and Michael Wiggins

/// /// ///
/// /// ///
/// /// ///

First Amended Complaint                    18                    CASE NO. C 06 02069 SBA

## JURY TRIAL DEMAND

Pursuant to F.R.Civ.P. 38(b) and Clv L.R. 3-6(a), Plaintiffs demand a jury trial for all issues so triable.

Dated: April 17, 2006          Bailey Pinney PC

By /s/_____
    Bonnie Mac Farlane
    Attorney for Plaintiffs
    Barry Smith and Michael Wiggins

## Certification of Interested Entities or Persons

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: April 17, 2006          Bailey Pinney PC

By /s/_____
    Bonnie Mac Farlane
    Attorney for Plaintiffs
    Barry Smith and Michael Wiggins